TIFFANY & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   February 13, 1907.)

No. 4,036.

CUSTOMS DUTIES—CLASSIFICATION—STATUARY—IVORY AND BRONZE STATUE.
   Held, that a bronze and ivory statue of a high degree of artistic excellence is "statuary," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678], defining that term as including "only such statuary as is cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone or alabaster, or from metal."

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York.   The opinion filed by the Board reads as follows:

"WAITE, General Appraiser.   This is an importation of a piece of statuary entitled 'Bellona,' composed of bronze and ivory, one the last works of the noted French sculptor Gerome.   It was assessed for duty at 35 per cent. ad valorem, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 450, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], as a manufacture in chief value of ivory, and is claimed to be dutiable at 15 per cent. ad valorem, under the reciprocity agreement with France (30 Stat. 1774), made by authority of section 3 of said tariff act.   Section 3 permits a reduction in the rate of duty on 'statuary' to 15 per cent. ad valorem in such agreement, but must be read in connection with the qualifying language of paragraph 454, which is as follows:   '454. Paintings in oil or water colors, pastels, pen and ink drawings, and statuary, not specially provided for in this act, twenty per centum ad valorem; but the term "statuary" as used in this act shall be understood to include only such statuary as is cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone or alabaster, or from metal, and as is the professional production of a statuary or sculptor only.'

"There is no question but that the 'Bellona' is a work of art and a piece of statuary of high excellence. The principal component material in point of quantity is metal, the entire body of the figure, including the drapery, the helmet, shield, and sword, being of cast bronze or other metal. The face, arms, and lower extremities, where the representation of exposed flesh appears, are of ivory, which is stated to be the component material of chief value. In determining whether a statue was composed wholly or substantially of a material named in paragraph 454, the Board would be disposed to regard the relative quantity of the component materials rather than their relative value. Otherwise a statue composed substantially of marble, for example, but having some incidental feature or decoration in another material, such as a precious metal or precious stone, of greater intrinsic value than the marble itself, might be excluded from the benefits of the law. But whether the present statue may be called a statue of ivory or a statue of metal is unimportant, so far as the application of paragraph 454 is concerned, since that provision does not cover statuary of ivory, and statuary of cast bronze has been held to be excluded therefrom as not being statuary 'wrought by hand' from metal. Tiffany v. United States, 71 Fed. 691, 18 C. C. A. 297; In re Perkins, G. A. 5,213 (T. D. 24,016).

"The manner of producing the metal part of the statue in controversy is what is known as the 'cire perdue' process, described in the Perkins Case, supra. The only possible difference between the method of production in that case and the one employed in this is that there may have been a little more of the handiwork of the artist in finishing or chasing the metal of the 'Bellona.' However this may be, we do not think, under the construction heretofore given by the Board and the courts to paragraph 454, that the work in question can be held to be a piece of statuary 'wrought by hand' from metal, within the meaning of the statute. It may be thought to be illogical to hold that it is not entitled to the consideration assumed to be given to works of art of this character by the statute; but, if fault there be, it is in the law, and can only be remedied by legislation.

"We therefore hold that the statue in question is not 'statuary,' within the meaning of paragraph 454 and section 3 of the act, and overrule the protest, affirming the collector's decision."

D. Macon Webster, for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. Decision of Board of General Appraisers reversed, and protest sustained.